**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BESARION GLOVELI, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>ALLIED INTERSTATE, LLC<br><br>Defendants. | **CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff BESARION GLOVELI (hereinafter, "Plaintiff"), a New York resident, brings this class action complaint by and through his attorneys, Joseph H. Mizrahi Law, P.C., against Defendants ALLIED INTERSTATE, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with an office maintained in New Albany, Ohio.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

12. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP")

Rule 23, individually and on behalf of the following consumer class (the "Class"):

- All New York consumers who received a collection letter from Defendant attempting to collect an obligation owed to or allegedly owed to Synchrony Bank, that contains the alleged violation arising from Defendant's failure to adequately advise the consumer of the amount of debt in violation of 15 U.S.C. §1692e, *et seq*.

- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection Letter and/or notices from Defendant that fail to adequately advise the consumer of the amount owed in violation of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a. Whether Defendant violated various provisions of the FDCPA;

  b. Whether Plaintiff and the Class have been injured by Defendant's conduct;

  c. Whether Plaintiff and the Class have sustained damages and are

entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

### ALLEGATIONS OF FACT PARTICULAR TO BESARION GLOVELI

14. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "13" herein with the same force and effect as if the same were set forth at length herein.

15. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and Internet.

16. Upon information and belief, within the last year Defendant commenced efforts to collect an alleged consumer "debt" as defined by 15 U.S.C. 1692a(5), when it mailed a Collection Letter to Plaintiff seeking to collect on an unpaid account allegedly owed to Synchrony Bank.

17. On or around September 19, 2016 Defendant sent Plaintiff a collection letter. *See* Exhibit A.

18. The letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. The letter is a "communication" as defined by 15 U.S.C. §1692a(2).

20. The September 19, 2016 letter was an initial communication between Plaintiff and Defendant.

21. As a result of the following Counts Defendant violated the FDCPA.

### First Count
### 15 U.S.C. §1692g and §1692e *et seq.*
### Failure to Adequately and Honestly Convey the Amount of the Debt

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. 15 U.S.C. § 1692g provides that within five days after the initial communication with a

consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

24. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the debt."

25. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

26. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

27. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

28. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must state whether interest, late fees and/or other fees are accruing.

29. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the notice.

30. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

31. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must contain an explanation, understandable by the least sophisticated consumer, of any fees or interest that may cause the balance to increase at any time in the future.

32. The failure to include the foregoing information renders an otherwise accurate statement of the "amount of the debt" violative of 15 U.S.C. § 1692g(a)(1).

33. The Letter states, "As of the date of this letter, the Amount Owed is $166.00. Because the

creditor continues to assess interest on the debt, the amount due on the day you pay may be greater."

34. The Letter fail to advise Plaintiffs that Defendant will inform Plaintiffs of the balance difference before depositing payment.

35. The Letter fails to indicate the minimum amount Plaintiffs owed at the time of receiving the Letter.

36. The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of receiving the Letter.

37. The Letter fails to provide information that would allow Plaintiffs to determine what Plaintiffs will need to pay to resolve the debts at any given moment in the future.

38. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

39. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

40. For instance, the Letter fails to indicate the applicable interest rate.

41. For instance, the Letter fails to indicate the date of accrual of interest.

42. For instance, the Letter fails to indicate the amount of interest during any measurable period.

43. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amounts stated to increase.

44. The Letter fails to state what part of the amounts stated is attributable to principal.

45. The Letter fails to state what part of the amounts stated is attributable to interest.

46. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

47. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

48. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

49. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest would continue to accrue, or whether the amount of the debt was static.

50. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

51. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

52. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

53. Defendant violated 15 USC §1692g by failing to accurately state, in its initial communication to Plaintiff, the balance of the debt by stating that the outstanding balance "may be different" without adequately advising the Plaintiff of possible adjustments that may occur, including an increase due to accrued contractual interests.

54. Moreover, Plaintiff's rights under 1692g were violated because Defendant demanded payment without sufficiently communicating to Plaintiff the exact amount due and owing on the alleged account.

55. As a result of Defendant's communications, Plaintiff and the least sophisticated consumer would not be able to adequately discern the exact amount due and owing on the alleged debt.

56. As the Second Circuit recently stated:

> Absent fuller disclosure, an unsophisticated consumer may not understand how these fees are calculated, whether they may be disputed, or what provision of the note gives rise to them. Because the statement gives no indication as to what the unaccrued fees are or how they are calculated, she cannot deduce that information from the statement. *Carlin v. Davidson Fink LLP*, No. 15-3105-cv (2d Cir. Mar. 29, 2017).

57. The Court further elaborated by stating that it is a violation of Section 1692g if the debt collector in "the Payoff Statement only expresses that the Total Amount Due may include estimated fees and costs. There is no clarity as to whether new fees and costs are accruing or as to the basis for those fees and costs." *Id*.

58. "We do not hold that a debt collector may never satisfy its obligations under § 1692g by providing a payoff statement that provides an amount due, including expected fees and costs. But a statement is incomplete where, as here, it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, <u>and an explanation of any fees and interest that will cause the balance to increase</u>" (emphasis added). *Id*.

59. The Collection Letter at bar merely states that "the amount due on the day you pay may be greater." Defendant fails to clarify whether the balance is actually accruing. Instead it merely asserts that the balance "may increase."

60. Furthermore, the Letter also fails to clarify what Plaintiff will need to pay to resolve the debt at any given moment in the future, and fails to provide an adequate explanation of any fees and interest that will cause the balance to increase, in violation of the Second Circuit recent holding in *Carlin*, supra.

61. The Letter, because of the aforementioned failures, renders the statements of the amount of the debts, even if otherwise accurate, violative of 15 U.S.C. § 1692g(a)(1).

62. The Letter, because of the aforementioned failures, did not adequately set forth "the amount of the debt" as required by 15 U.S.C. § 1692g.

63. The Letter, because of the aforementioned failures, violate 15 U.S.C. § 1692g.

64. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

65. Because Defendant stated the balance "may" increase, the least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the balance at any time after receipt of the letter.

66. Because Defendant stated the balance "may" increase, the least sophisticated consumer could also reasonably believe that the balance was accurate only on the date of the letter because of the continued accumulation of interest.

67. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the Letter fail to indicate the applicable interest rate, or date of accrual.

68. For these reasons, Defendant failed to clearly state the amount of the debt.

69. For these reasons, Defendant failed to unambiguously state the amount of the debt.

70. For these reasons, the Letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

71. For these reasons, the Letter would likely make the least sophisticated consumer confused as to the amount of the debt.

72. As previously alleged, the least sophisticated consumer could reasonably read the Letter to mean that the "Amount Owed" was static.

73. As previously alleged, the least sophisticated consumer could also reasonably read the Letter

to mean that the balance was dynamic due to the continued accumulation of interest.

74. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

75. Because the letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

**Second Count**
**15 U.S.C. §§ 1692g(a)(3) and 1692e**
**Suggesting a Dispute Must be Made in Writing**

76. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "75" herein with the same force and effect as if the same were set forth at length herein.

77. 15 U.S.C. § 1692g(3) requires the notice to include a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

78. There is no requirement that the consumer dispute the debt in writing.

79. It is a violation of FDCPA to require disputes be made in writing.

80. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(3) statement.

81. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(3) statement.

82. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

83. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

84. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

85. Defendant's letter to Plaintiff dictate that Plaintiff should correspond with Defendant, other than payments, at: Allied Interstate LLC, PO Box 361445, Columbus, Ohio, 43236.

86. Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013).

87. Disputes may be made orally.

88. The language concerning written disputes overshadows the required 15 U.S.C. § 1692g(3) statement.

89. The language concerning written disputes contradicts the required 15 U.S.C. § 1692g(3) statement.

90. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

91. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

92. The language concerning written disputes, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

93. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section. See Vetrano v. CBE Grp., Inc., 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

94. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

95. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

96. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

97. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

98. The collection Letter could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing. See Vetrano v. CBE Grp., Inc., 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

99. Because Defendant's letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

100. The least sophisticated consumer would likely be deceived by the letter.

101. The least sophisticated consumer would likely be deceived in a material way by the letter.

102. The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the letter or dispute the debt.

103. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Joseph H. Mizrahi Law, P.C., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By:  /s/ Joseph H. Mizrahi_____
Joseph H. Mizrahi, Esq.
Joseph H. Mizrahi Law, P.C.
337 Avenue W, Suite 2F
Brooklyn, New York 11223
Phone: (347) 927-4529
Fax:    (347) 665-1545
Email: Jmizrahilaw@gmail.com
*Attorney for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph H. Mizrahi_____*
Joseph H. Mizrahi, Esq.

Dated:     Brooklyn, New York
            June 23, 2017