

**Nana Japaridze**
Direct Phone:  +1 212 549 0282
Email:  njaparidze@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

August 4, 2017

**Via ECF**

The Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Gloveli et al v. Allied Interstate LLC*
        *1:17-cv-03791-FB-PK*

Dear Judge Block:

We represent Defendant Allied Interstate, LLC ("Allied") ("Defendant") in the above-captioned matter. We write, pursuant to Your Honor's Individual Rules, to respectfully request a pre-motion conference to seek permission to file a motion to dismiss the Complaint of Plaintiff Besarion Gloveli, individually and as the representative of a putative class ("Plaintiff").

By way of background, in connection with Allied's debt collection business, certain accounts that were overdue, including Plaintiff's consumer debt, were placed with Allied for collection. As part of the collection process, on or about September 19, 2016, Allied sent Plaintiff a collection letter ("Letter") which underlies Plaintiff's claims in this action.  Plaintiff alleges that the Letter violated the Federal Debt Collection Practices Act ("FDCPA") because it: (i) failed to accurately convey the amount of debt Plaintiff owed; and (ii) failed to clearly inform Plaintiff that disputes to the Letter may be raised by methods other than in writing.  Plaintiff purportedly seeks to represent a class of other persons who received similar letters.  However, Plaintiff's claims should be dismissed as a matter of law.

*First*, Plaintiff's first claim must be dismissed as a matter of law because the letter states the precise amount Plaintiff owed at the time the Letter was written and clearly details that the amount due may increase as interest continued to be assessed.  Unlike the cases that Plaintiff relies on in his Complaint, Allied's Letter does not reference any "unspecified fees, costs, additional payments and/or escrow disbursements that were not yet due" when Plaintiff received the Letter. *Carlin v. Davison Fink*, 852 F.3d 207, 215 (2d Cir. 2017).

*Second*, Plaintiff's second claim must be dismissed as a matter of law because the Letter plainly sets forth the methods by which Plaintiff may dispute the Letter and does not provide that Plaintiff's dispute must be in writing.

The Honorable Frederic Block
August 4, 2017
Page 2



### 1. Plaintiff's Claim Fails to State a Violation of § 1692(g) as to the Amount of Debt

Plaintiff's putative class action should be dismissed because the Letter explicitly states the amount of debt Plaintiff owed at the time the Letter was issued and does not reference any unspecified fees or costs. Because the Letter complies with the FDCPA, it is ripe for dismissal at this stage. *See Dick v. Enhanced Recovery Co., LLC*, No. 15CV2631RRMSMG, 2016 WL 5678556, at *3 (E.D.N.Y. Sept. 28, 2016) ("Where an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage."); *see also Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 366 (2d Cir. 2005).

The Second Circuit recently set forth a safe-harbor whereby "a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice [] accurately informs the consumer that the amount of the debt stated in the letter will increase over time…." *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 77 (2d Cir. 2016). *See Dick*, No. 15CV2631RRMSMG, 2016 WL 5678556, at *8 ("To require that every statement in a debt collection letter be followed by an assurance that the fact stated will not change in the future would result in complex and verbose debt collection letters that are confusing to the least sophisticated consumer – precisely the type of letter the FDCPA is meant to protect consumers against.").

Here, Allied's Letter expressly establishes that the "creditor continues to assess interest on the debt" and therefore "an adjustment may be necessary after [Allied] receive[s] your payment." Thus, the Letter accurately conveyed that due to the accrual of interest, the amount of the debt would increase over time, placing Allied squarely within *Avila's* safe harbor. Despite Plaintiff's suggestion to the contrary, the Letter plainly and unambiguously provides the amount due as of September 19, 2016 and does not refer to any unspecified fees and costs that might be added to the debt. *See Carlin*, 852 F.3d at 216–17. For these reasons, Plaintiff's Complaint must be dismissed because Allied clearly and effectively stated the amount of debt Plaintiff owed and that the amount of debt would increase in the future, thereby discharging its obligations under the FDCPA.

### 2. Additionally, Plaintiff's Claim Fails Because Defendant Complied With the FDCPA's Writing Requirement

Plaintiff fails to state a claim for violation of 15 U.S.C. § 1692g(a)(3) because Defendant's letter mirrors the statutory language and does not include any contradictory or overshadowing language. § 1692g(a)(3) requires a debt collector to send the consumer written notice with "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." Because § 1692g(3) allows disputes to be raised other than in writing, "a collection letter must be crafted in such a way that the least sophisticated consumer would understand that (1) [debtor] could raise a dispute in many ways, but (2) [debtor] could get verification of the debt and the name and address of the original creditor only if she disputed it in writing." *Diaz v. Residential Credit Sols., Inc.*, 965 F. Supp. 2d 249, 258 (E.D.N.Y. 2013).

Here, the Letter states in relevant part, "Unless you notify us within 30 days after receiving this letter that you dispute the validity of this debt, or any portion thereof, we will assume that this debt is valid." The Letter mirrors the FDCPA's language verbatim and does not state that the debtor must dispute the Letter in writing. The Letter also unambiguously informs the debtor that verification of the debt must be disputed in writing. Furthermore, in contrast to a scenario in which the Letter provides an address at

The Honorable Frederic Block
August 4, 2017
Page 3



which the debtor should "[f]orward *written disputes*," *see Vetrano v. CBE Group, Inc*., 2016 WL 4083384, at *1 (E.D.N.Y. Aug. 1, 2016), here the Letter merely notified debtors that they could *contact* Allied in writing or by phone to discuss any questions.  *See Shapiro v. Dun & Bradstreet Receivable Mgmt. Servs., Inc.*, 59 Fed.Appx. 406, 408 (2d Cir. 2003); *Wyler v. Computer Credit, Inc*., 2006 WL 2299413, at *10 (E.D.N.Y. Mar. 3, 2006) (concluding debt collector's communication advising debtor that it could be contacted by phone to "discuss [debtor's] specific situation" did not overshadow or contradict language directing debtor to "dispute" the debt in writing to the debt collector).  Therefore, unlike the cases Plaintiff cites in his Complaint, the Letter does not contain any language that would overshadow or contradict § 1692g(a)(3).

Accordingly, we respectfully ask that Your Honor schedule a pre-motion conference to consider Defendant's anticipated motion to dismiss the Complaint and to set a briefing schedule.

We thank the Court for its attention to this matter.

Respectfully submitted,


*/s/ Nana Japaridze*


Nana Japaridze

cc:   All Counsel of record (via ECF)