

P: 646-645-8482   300 Cadman Plaza W, 12th Floor   dan@dccohen.com
F: 347-665-1545   Brooklyn, NY 11201   www.dccohen.com

August 11, 2017

**Via ECF**
The Honorable Frederic Block
United States District Judge
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:** *Gloveli et al v. Allied Interstate LLC,* **1:17-cv-03791-FB-PK**

Dear Judge Block:

We represent the Plaintiff class representative in the above captioned matter. This letter is submitted in opposition to Defendant's letter dated August 4, 2017 requesting a pre-motion conference and permission to file a motion to dismiss.

### I.     Defendant has no meritorious argument for dismissal on the "Amount of the Debt" issue under the Second Circuit holding in *Carlin et al. v. Davidson*.

Defendant's letter misstates the law from an important new Second Circuit case, *Carlin et al. v. Davidson Fink LLP*, No. 15-3105-cv (2nd Cir., Mar. 29, 2017). Contrary to Defendant's cursory and inaccurate treatment of that case, we will demonstrate that the reasoning and facts of *Carlin* are on all fours against dismissal of Plaintiff's claim.

The Second Circuit in *Carlin* addressed Section 1692g(a)(1)'s requirement that a communication from a debt collector must accurately apprise the consumer of the "amount of the debt" owed to the creditor, where ongoing interest and other charges may cause the amount stated in the letter to increase over time.

In an order reversing the district court's dismissal of the FDCPA action, the *Carlin* court ruled that where a collection communication states a current amount owed while also stating that the balance may increase with continually accruing charges, Section 1692g(a) requires the communication provide a specific method for the consumer to calculate what amount will be owing in the future.

The *Carlin* court cited to its suggested safe harbor language from its earlier opinion in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2nd Cir. 2016) to illustrate the point. Specifically, the Court stated that where the future amount owed may differ from the current balance stated in a collection letter, language such as the following must be used:

"As of today [date], you owe $_____. This amount consists of a principal of $_____, accrued interest of $_____, and fees of $_____. This balance

will continue to accrue interest after [date] at a rate of $_____ per
[date/week/month/year].”
*Carlin*, 852 F.3d 207 at n. 3, (citing *Avila*, 817 F.3d at 77 n.2).[1]

According to the *Carlin* court, the key consideration is whether the letter provides the
unsophisticated consumer with ***“the basis for [calculating accruing] fees and costs.”*** *See id.*
(Emphasis added). The consumer must be afforded the opportunity to calculate what amounts or
fees may be owed in the future; a general statement that the balance will increase fails the test.

The letter here runs afoul of *Carlin*, as it provides no method for the consumer to
calculate the future balance due to accruing charges. Enclosed at *Exhibit A*, it states only that:

*“As of the date of this letter, the Amount Owed is $166.00. Because the creditor
continues to assess interest on the debt, the amount due on the day you pay may
be greater. Hence, if you pay the Amount Owed shown above, an adjustment may
be necessary after we receive your payment, in which event we will inform you of
any remaining balance.” Exhibit A.*

Mr. Gloveli could only guess as “to what the unaccrued fees are or how they are
calculated,” because he “[could not] deduce that information from the statement.” *Carlin*, 852
F.3d 207. The letter does not even provide the ***rate*** of interest or the ***method of calculating the
interest*** (e.g., daily, weekly, monthly, etc.).

Because the letter at *Exhibit A* did not provide the consumer with a method to calculate
his future balance, it violates the FDCPA as a matter of law, and Defendant’s request to file a
motion to dismiss should be denied.

## II. Plaintiffs have made a claim for impermissibly overshadowing language under recent case law, based on the language of September 19, 2016 letter at issue here.

The language of the September 19, 2016 letter contains impermissibly overshadowing
language, wrongly indicating that the debt may only be disputed in writing. Thus, Plaintiff has
made a claim for failure to notify the consumer of the right to dispute his debt under
§1692g(a)(3) sufficient to overcome a motion to dismiss.

The collection letter directs the consumer to “Correspond with Allied (other than
payments) at [its postal address].” This language impermissibly forecloses any method of dispute
other than through writing. The fact that it specifically states “other than payments,” when read
together with the language in the first paragraph: “To ***make a payment,*** please telephone us at

---

[1] While *Carlin* addressed an FDCPA action against a mortgage foreclosure law firm, a recent case in the Eastern
District, *Balke v. Alliance One Receivables Management, Inc.*, applied its holding and reasoning to the consumer
credit context. No. 16-cv-5624(ADS)(AKT) (EDNY June 19, 2017). Denying defendant’s motion to dismiss the
claim on the “amount of the debt” issue per Section 1692g(a), the *Balke* court ruled that the plaintiff stated a claim
under the FDCPA, regarding misleading language very closely resembling the letter at issue here, which read as
follows: *“As of the date of this letter, you owe $10,532.20.* ***Your account balance may be periodically increased
due to the addition of accrued interest or other changes [sic] if so provided in your agreement with your original
creditor.” Id.* (Emphasis supplied). The language at issue here closely resembles this language that the *Balke* court
held to be a violation of the FDCPA requirement to state the amount of the debt. Therefore, Defendant’s application
for permission to file a motion to dismiss should be denied.

866-875-5860[,]" (emphasis added), indicates that payment may be made by phone, while disputes must be in writing. Nothing in the letter indicates that a dispute may be made by telephone, while at the same time clearly suggesting that only a written dispute of the debt will be effective.

Thus, an unsophisticated consumer could easily and reasonably conclude from the September 19, 2016 letter that only a written dispute of the debt would be effective.

The *Balke* court, *supra,* recently denied a defendant's motion to dismiss an FDCPA consumer credit action where the collection letter contained very similar overshadowing language as that in the case at bar. The court found, there, "that, although the Collection Letter did not explicitly state that the Plaintiff could only dispute the debt in writing, from the perspective of the least sophisticated consumer, the inclusion of a mailing address to which 'all correspondence for this account should be mailed' introduces enough uncertainty regarding the permissible methods of disputing the debt to state a plausible claim for relief under the statute." *Balke*, No. 16-cv-5624 (citing *Vetrano v. CBE Group, Inc.,* 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016). Here, the language in the letter is even more misleading, as the qualifying phrase "other than payments" indicates that nothing except payments may be discussed by phone.

Therefore, the § 1692g language in Defendant's letter was thus impermissibly overshadowed and dismissal is inappropriate. [2]

## III.    CONCLUSION

In light of the foregoing authorities and analysis, we respectfully request that the Court deny Defendant's application for a pre-motion conference and for permission to file a motion to dismiss.

We thank the Court for its careful consideration of this matter.

Very truly yours,

*/s/ Daniel Cohen*
Daniel Cohen, Esq.
Daniel Cohen, PLLC
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
Phone: (646) 645-8482
Fax:    (347) 665-1545
Email: Dan@dccohen.com
*Attorneys for Plaintiff*

---

[2] Defendant's reliance on *Wyler v. Computer Credit, Inc.*, 2006 WL 2299413 (E.D.N.Y. Mar. 3, 2006) is misplaced. *Wyler*, an unpublished decision more than ten (10) years old, addressed a motion for summary judgment, while Defendant seeks dismissal at the pleading stage before any discovery has occurred. Moreover, *Wyler* is an old case and as the law has been evolving on this issue in the Second Circuit, it is appropriate to give greater weight to more recent authority, such as *Vetrano*. Finally, the close affinity between the language at issue in *Vetrano* and here should not be overlooked.